■ ELINORE WEST, Appellant-Respondent, v CHARLES WEST,

Respondent-Appellant.—In a consolidated action for divorce, (1) the parties cross-appeal, as limited by their briefs, from so much of an order of the Supreme Court, New York County (Shorter, J.), dated October 23, 1984, as (a) awarded the plaintiff wife $500 per week as pendente lite maintenance and $500 per week as pendente lite child support and (b) directed the defendant husband to "maintain all life and health insurance for the plaintiff and the children", and (2) the husband appeals, as limited by his brief, from so much of a further order of the same court, dated February 1, 1985, as, in effect, granted reargument and, upon reargument, adhered to its original determination as to insurance (see, e.g., Matter of Alessi v County of Nassau, 85 AD2d 725). The plaintiff's appeal from the order dated October 23, 1984 brings up for review so much of the February 1, 1985 order as, upon "granting" her motion for reargument, adhered to its original determination as to pendente lite maintenance and child support. By order of the Appellate Division, First Department, dated June 11, 1985 (111 AD2d 632), venue was changed to Nassau County.

Cross appeals from the order dated October 23, 1984 dismissed, without costs or disbursements. That order was superseded by the order made upon reargument.

Order dated February 1, 1985 modified by adding thereto a provision that the original determination is modified (1) by requiring that the insurance defendant was directed to maintain is for plaintiff and the unemancipated child of the marriage, (2) by increasing the award of pendente lite maintenance to $1,000 per week and (3) by reducing the award of pendente lite child support to $200 per week, with leave to plaintiff to apply for an increase should defendant cease paying the college expenses for the parties' unemancipated child. As so modified, said order affirmed, insofar as appealed from and reviewed, without costs or disbursements.

Special Term improperly directed defendant to maintain insurance for the parties' "children"; since only one child is unemancipated, the direction should have been limited to that child. Furthermore, while we discourage appeals from pendente lite awards, upon our review of the record we conclude that the awards as modified are more appropriate. Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.